## Commonwealth v. Cargiene

*Frank C. Roney,* for Commonwealth.

*John Solomon,* for defendant.

SWEET, P. J., March 17, 1964.—Dorothy Cargiene, defendant, is charged with violation of the Act of April 24, 1913, P. L. 114, 43 PS §§ 251, 252. Hamil Cattrell instituted this proceeding before Burley F. Lohr, of the Second Ward of the City of Washington. The proof adduced tended to show nonpayment of wages by Cargiene, owner and operator of a licensed place on Henderson Avenue in the Seventh Ward of the City of Washington, and for baby sitting, totalling $29. The defense was that Cargiene was giving Hamil support in kind, i.e., meals and a place to sleep and set off of some money for telephone calls. The defense was uncomfortably close to peonage.

Defendant made a motion to quash on the grounds

that the Act of 1913, supra, was repealed by the Wage Payment and Collection Law of July 14, 1961, P. L. 637, sec. 1, 43 PS § 260-1, et seq. In our judgment, this action properly does not lie. Even if we accept prosecutrix' version as verity, the proceedings are not well brought. It has been repeatedly held that a proceeding of this sort is not a substitute for an action in assumpsit for work and labor done. The prosecutrix would have been better advised to have commenced an action in assumpsit under that common count.

Judge, now Justice, Eagen had one somewhat like this before him in Commonwealth v. Cooperman, 6 D. & C. 2d 550 (1955). He discharged defendant, saying that " 'To hold otherwise would be to lend the aid of the courts to the collection of debts in the form of wage claims by the fear of prosecution, and the failure to pay wages when due is not yet a crime in Pennsylvania' ". The Lackawanna court reached a similar result in Commonwealth v. Muller, 39 Lack. Jur. 55 (1938). There, Judge Hoban said: "The mere fact that an employer fails to pay wages when they are due will not call the statute into operation." See also Commonwealth v. Hause, 25 Del. Co. 429, and Commonwealth v. Lipschutz, 19 D. & C. 415 (1933), decided by Judge Alessandroni.

From all the foregoing, it is clear that even if Cargiene failed to pay the due moneys, she did not commit a criminal offense. Her appeal is, therefore, sustained. The action under which this proceeding is brought does not permit the imposition of costs on defendant (see Commonwealth v. Miller, 65 D. & C. 289 (1948)), and the evidence shows that prosecutrix is a totally impecunious person. Under these circumstances, we have no alternative but to impose the costs on the county. It is hoped that members of the minor judiciary of Washington County will stop further proceedings of this nature at the local level.